UST, INC., and Tsubakimoto Chain Company, Ltd., Plaintiffs,

v.

UNITED STATES, Defendant.

Court No. 81–10–01392.

United States Court of International Trade.

Aug. 3, 1984.

Barnes, Richardson & Colburn, Chicago, Ill. (Robert E. Burke on the brief; David A. Riggle and Thomas M. Keating, Chicago, Ill., of counsel), for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Sheila N. Ziff, Washington, D.C., on the brief), for defendant.

*Opinion and Order*

FORD, Judge:

Plaintiffs have moved, pursuant to Rules 1 and 7 of the Rules of this Court, for an order remanding this matter to the International Trade Administration (ITA) of the Department of Commerce. It is the contention of plaintiffs that its submissions, dated August 18, 1981 and September 19, 1981, which were returned by the ITA, constitute part of the Administrative Record and should have been considered by the ITA in its annual review made by virtue of Section 751 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675.

The submissions, defendant contends, were untimely and, therefore, rejected. Defendant has cross-moved for an order, under Rules 7 and 56.1, *supra*, directing this action be submitted for judgment on the Agency record. Plaintiffs contend such motion is premature and should be denied, since the material they had submitted is not part of the Agency record. Defendant has also asserted, as affirmative defenses, that: (1) plaintiffs have failed to state a cause of action upon which relief can be granted; (2) the findings and order requested in plaintiffs' prayer for relief are outside the scope of relief available in this action; and (3) plaintiffs, to the extent that their complaint is not limited to a challenge of the final results of 19 U.S.C. § 1675,

have failed to invoke the jurisdiction of this court.

The affirmative defenses are without merit. Plaintiffs have instituted this action to contest the "Final Results of Administrative Review of Antidumping Finding" concerning roller chain, other than bicycle, from Japan (46 Fed.Reg. 44488, September 4, 1981), conducted pursuant to 19 U.S.C. § 1675.

■ The motion before the court was made by virtue of the invocation of such jurisdiction. It is, therefore, apparent that all of the affirmative defenses fail, since the court's jurisdiction has been invoked and the relief requested is within the jurisdiction of the court. Therefore, plaintiffs have instituted a cause of action upon which relief can be granted.

This action was the result of an initial antidumping finding published in the Federal Register on April 12, 1973 (38 Fed. Reg. 9226), T.D. 73–100. The issue raised by the complaint in the instant case involves the scope of the finding, i.e., the types of chain which were covered by the 1974 dumping finding. The administrative record is replete with requests by plaintiffs for a specific definition which would clearly indicate the types of chain intended to be covered by the review of the dumping finding. This was necessary because a party who failed to provide information with respect to a particular type of chain covered by the review would have its liability determined by the "best information available", which is the individual firm's margin on reported sales or two percent, whichever is higher. (R 628, Fed.Reg. Vol. 46, No. 172, Page 44488, September 4, 1981).

The court is convinced that a specific definition was not provided prior to the final review of the Administrative Review of September 4, 1981. As a matter of fact, the court has reviewed the letters of counsel for plaintiffs requesting a specific definition or replying to so-called definitions during the period from March 27, 1980, to January 1, 1981. In addition to the four letters during the above period, there were additional correspondences and discussions at a public hearing, as well as at a meeting of August 18, 1981 (R. 534), relative to a definition to indicate the scope of the review. A draft definition was provided to plaintiffs in a letter dated July 1, 1981, but it was not until September 4, 1981, when the ITA published its final determination, that a revised definition of the scope was included. It provided as follows:

The term "roller chain, other than bicycle chain" as used in this finding includes chain, with or without attachments, whether or not plated or coated, and whether or not manufactured to American or British standards, which is used for power transmission and/or conveyance. Chain of this type which complies with one of the following description is included in the finding:

A series of alternately assembled roller links and pin links in which the pins articulate inside the bushings and the rollers are free to turn on the bushings. Pins and bushings are press fit in their respective link plates. Chain may be single strand having one row of roller links, or multiple strand having more than one row of links. The center plates are located between the strands of roller links. Such chain may be either single or double pitch and may be used as power transmission or conveyor chain.

This finding also covers leaf chain, which consists of a series of link plates alternately assembled with pins in such a way that the joint is free to articulate between adjoining pitches.

Notwithstanding the lack of a definitional scope of the review, plaintiffs submitted information to the ITA on August 19, 1981, approximately two weeks prior to the final determination, which included certain chain subsequently found not to be covered. Plaintiff also sent a revised letter dated September 19, 1981, which excluded such information on the chains not covered by the review. This was the data rejected and returned by the ITA as "untimely" by its letter of October 1, 1981 (R. 534–544).

By virtue of their uncertainty of the scope of review, plaintiffs' submission of

information, while filed prior to the final determination, was delayed. It is evident to the court that plaintiffs' delay was through no fault of their own. Indeed, plaintiffs' action in requesting from the ITA a definition of the merchandise being reviewed was not merely perfunctory, but rather sought after with tenacity.

Parties to the administrative proceedings are entitled to notice of the following under the provisions of 5 U.S.C. § 554(b):

> (b) Persons entitled to notice of an agency hearing shall be timely informed of—
>> (1) the time, place, and nature of the hearing;
>> (2) the legal authority and jurisdiction under which the hearing is to be held;
>> (3) the matters of fact and law asserted.

In *Hide-Away Creations, Ltd. v. United States,* 577 F.Supp. 1021, 6 CIT —— (1983), the court held a lack of notice of commencement of an administrative review under 19 U.S.C. § 1675 so seriously prejudiced the rights of plaintiff as to warrant a remand.

The requirement to specify the matter of fact and law was addressed in *Rodale Press, Inc. v. Federal Trade Commission,* 407 F.2d 1252 (D.C.Cir.1960). *See also, North Alabama Express v. United States,* 585 F.2d 783 (5th Cir.1978); *Bendix v. Federal Trade Commission,* 450 F.2d 534 (6th Cir.1971).

■ An opportunity to be heard encompasses a notice of hearing, as well as the opportunity to know the claims of the appearing party. In *Morgan v. United States,* 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1937) the following comment was made:

> The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them. The right to submit argument implies that opportunity; otherwise the right may be but a barren one. Those who are brought into contest with the Government in a quasi-judicial pro-

ceeding aimed at the control of their activities are entitled to be fairly advised of what the Government proposes and to be heard upon its proposals before it issues its final command.

■ Defendant, having returned the information submitted by plaintiff, could not have considered such evidence in its review and calculations and, therefore, does not have a complete record before it for the annual review prescribed by 19 U.S.C. § 1675. The motion for review under Rule 56.1 by defendant must, therefore, be denied, and plaintiff's motion for remand is granted.

In view of the foregoing, it is hereby

ORDERED that defendant's cross motion be, and the same is hereby denied; and it is further

ORDERED that plaintiffs' motion for remand to the Commerce Department for completion of the administrative record is granted; and it is further

ORDERED that plaintiffs' submissions of August 18, 1981 and September 19, 1981, with all original attachments, are found to be, and are hereby deemed, part of the original record in this case and that plaintiffs shall file the original documents with the court and serve a copy on the defendant's attorneys within five (5) days of receipt of this order; and it is further

ORDERED that all materials, submitted to the court under the terms of this order, designated as confidential by the plaintiffs when originally submitted to the Commerce Department, are deemed part of the confidential record; and it is further

ORDERED that the Commerce Department will complete its calculations under 19 U.S.C. § 1675 *et seq.* on the products set forth in said documents within forty-five (45) days from the date of entry of this order. In the interests of uniformity, such calculations will apply the same methodologies as were used during the general annual review involving the plaintiffs' transactions for the period 4/1/79 through 11/30/79 as incorporated in the final determination published on September 1, 1981.

Plaintiffs will have twenty-five (25) days thereafter to comment on the calculations. Thereafter, the Commerce Department will report the data it gathered and its findings to the court no later than ninety (90) days following the date of this order.